IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RONALD WALLER and | : | |
| JOANN WALLER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | 5:05CV201 (DF) |
| | : | |
| BRANT FROST, FIRST NATIONAL | : | |
| INVESTMENTS, L.L.C., JEFFERY | : | |
| WILCHER, WALTER BENJAMIN, | : | |
| CITY OF MACON, GEORGIA, | : | |
| WILLIAM E. TANNER, CAMILLE | : | |
| HOPE, as Chapter 13 Trustee, | : | |
| | : | |
| Defendants. | : | |

## O R D E R

Plaintiffs have asked the Court to provide the transcripts of hearings held in the Bankruptcy Court of the Middle District of Georgia to them at no cost. *See* tab 6. This Court may order a transcript provided to a litigant proceeding in forma pauperis, such as plaintiffs, if it is able to certify "that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C.A. § 753 (f) (West 2005). This code section contemplates providing a transcript to assist in appealing a district court ruling to the court of appeals. Even so, this code section is applicable in this situation because it also allows a circuit judge to order the

transcripts provided at no cost and in this matter the district court sits as the appellate court. Thus, the undersigned district judge is analogous to the circuit judge in § 753(f).

It is not possible at this juncture to determine that Plaintiffs' bankruptcy appeal is not frivolous or that it presents a substantial question. To the contrary, this case has many of the hallmarks of frivolous litigation. For example, the underlying bankruptcy petition that the Wallers appeal is their fourth filing in five years, and, each was made in an attempt to save their home, which they argue is not subject to any valid liens. Each of the previous filings was dismissed, for various reasons, but each dismissal involved inaction or non-prosecution by the Wallers. In dismissing their most recent filing, which they now appeal, the Bankruptcy Court noted that the only debt the Wallers have that can be reorganized through a Chapter 13 plan is a mortgage on their home, but the Wallers seeks to have the mortgage eliminated and declared invalid, and it would seem they have no intention of re-paying the mortgage. The purpose of each of the Wallers bankruptcy filings is to stall or prevent the foreclosure sale of their home. They have manipulated the Court system thus far, but will not be allowed to do so here.

Consequently, the Court will not order the hearings transcripts provided at no cost. Plaintiffs' Request for Bankruptcy Court Hearings to be Provided to Them at No Cost is **DENIED**.

In addition, the Wallers have filed a Motion for Relief from Judgment pursuant to Rule 60(b) (tab 4).  Rule 60(b) contemplates the Court correcting or amending its own judgments not the judgments of another court.  The substantive issues raised in the motion for relief from judgment are more properly considered in the context of an appeal from the judgment of the bankruptcy court pursuant to 28 U.S.C.A. § 158(a).  This action filed by the Wallers is an appeal from the bankruptcy court and the Court will consider the substantive issues in that context upon the completion of the briefing schedule.  The Motion for Relief from Judgment is **DENIED**.

        SO ORDERED, this 10th day of August, 2005.

                                           **s/ Duross Fitzpatrick**
                                           DUROSS FITZPATRICK, JUDGE
                                           UNITED STATES DISTRICT COURT

DF/has