IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RONALD WALLER and** : | |
| **JOANN WALLER,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| vs. : | 5:05-CV-201 (DF) |
| : | |
| **BRANT FROST, FIRST NATIONAL** : | |
| **INVESTMENTS, L.L.C., JEFFERY** : | |
| **WILCHER, WALTER BENJAMIN,** : | |
| **CITY OF MACON, GEORGIA,** : | |
| **WILLIAM E. TANNER, CAMILLE** : | |
| **HOPE, as Chapter 13 Trustee,** : | |
| : | |
| **Defendants.** : | |

**O R D E R**

Before the Court is Plaintiffs Ronald and JoAnn Waller's Motion for Reconsideration (tab 8). Plaintiffs challenge two separate Orders of this Court entered on August 10, 2005. For the reasons listed below, Plaintiffs' motions are denied.

**1. Motion for Transcripts at No Cost**

The Court issued an Order denying Plaintiffs' Motion for Transcripts at No Cost on August 10, 2005 (tab 7). The Court construes Plaintiff's Motion for Reconsideration of the Order as a Motion for Relief from Judgment or Order under Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) of the Federal Rules of Civil Procedure (FRCP) provides the legal grounds for setting aside a court order. A court may order relief for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b) (West 2005).

Plaintiffs offer two grounds for recusing the undersigned Judge and setting aside the Order. First, Plaintiffs attempt to show this Court's personal bias by citing the Court's unfavorable disposition of Plaintiffs' bankruptcy appeal and motions related thereto. Plaintiffs offer no objective evidence to support this contention. The Court's prior rulings against a party are not a basis for setting aside a previous court order.

Second, Plaintiffs allege the undersigned Judge's rulings are racially motivated. The only facts that Plaintiffs offer in support of this contention are that Plaintiffs are African-Americans and the undersigned Judge and other "Caucasian Court administrators" are Caucasian. Plaintiffs' perception of the Middle District of Georgia as a "Caucasian Court" is misguided. The Chief Judge of the Middle District, the Honorable W. Louis Sands, is African-American. More importantly, the racial makeup of the Court and parties does not constitute grounds for setting aside the Order.

**2. Appointment of Counsel**

Plaintiffs also request reconsideration of the Order denying Plaintiffs' Motion to Appoint Counsel entered on August 10, 2005 (tab 10). The Order was issued in Plaintiffs' other case currently pending before this Court.[1] The Court will not address this request as it does not pertain to this action.

Accordingly, Plaintiffs' Motion for Reconsideration is **DENIED**.

SO ORDERED, this 9th day of September, 2005.

        **/s/ Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/jab

---

[1] *See* **Waller v. Frost**, Civil Action Number 5:05-CV-221.

3