IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RONALD WALLER and : | |
| JOANN WALLER, : | |
| : | |
| Plaintiffs, : | |
| : | |
| vs. : | 5:05-CV-201 (DF) |
| : | |
| BRANT FROST, FIRST NATIONAL : | |
| INVESTMENTS, L.L.C., JEFFERY : | |
| WILCHER, WALTER BENJAMIN, : | |
| CITY OF MACON, GEORGIA, : | |
| WILLIAM E. TANNER, CAMILLE : | |
| HOPE, as Chapter 13 Trustee, : | |
| : | |
| Defendants. : | |

O R D E R

Before this Court is the Motion for Reconsideration (doc. 37) filed by pro se Plaintiffs Ronald and JoAnn Waller. Plaintiffs wish this Court to reconsider its December 14, 2005 Order affirming the Bankruptcy Court's dismissal of Plaintiffs' case (Order, doc. 36). For the reasons stated below, Plaintiffs' Motion for Reconsideration is **DENIED**.

1

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment or order)." *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir. 1993). While these rules offer similar types of relief, each rule is subject to a different legal standard; thus, before a court can address the substance of a motion for reconsideration, the court must first determine whether the motion was filed pursuant to Rule 59(e) or Rule 60(b). A motion that "is filed within ten business days of the entry of judgment and that asks for reconsideration of matters encompassed in the judgment" is treated as a motion filed pursuant to Rule 59(e). *Finch v. City of Vernon*, 845 F.2d 256, 258-59 (11th Cir. 1988).

Plaintiffs filed their motion within ten days of the Court's December 14 Order. While Plaintiffs did not cite to either Rule 59(e) or Rule 60(b) in their Motion for Reconsideration, the Court hereby construes Plaintiffs' motion as a Rule 59(e) Motion to Alter or Amend Judgment.

The decision to alter or amend a judgment under Rule 59(e) "is committed to the sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). Generally, a Rule 59(e) motion will

only be granted on one of the following grounds: "an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or to prevent manifest injustice." *United States v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003). A party seeking reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D. Fla. 1993). The decision to alter or amend a judgment is an "extraordinary remedy." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

In this case, Plaintiffs seek reconsideration of this Court's December 14 Order on the following grounds: (1) "The court order set forth erroneous findings and omitted material facts;" (2) "Plaintiffs' unheard allegations of Defendants' bad faith foreclosure sale and Plaintiffs' lost equity;" (3) "The district court erred in its standard of review and discussion in its affirmation order;" and (4) "The district court affirmed the bankruptcy court's dismissals without due consideration to plaintiffs' issues presented for appeal." (Pls.' Mot. Recons., doc. 37, at 1-6.)

The Court has carefully reviewed Plaintiffs' arguments, but finds that these arguments are unsupported by facts or law of a "strongly convincing nature." Plaintiffs have not asserted an intervening change in controlling law, nor have they

presented newly discovered evidence.  Moreover, the Court is not convinced that reconsideration of the December 14 Order is necessary to correct a clear error or to prevent manifest injustice.

Accordingly, Plaintiffs' Motion for Reconsideration (doc. 37) is hereby **DENIED**.

SO ORDERED, this 17th day of April, 2006.

/s/ **Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/jab